[Civ. No. 4457. First Appellate District, Division One.—August 4, 1923.]

F. R. STEWART, Respondent, v. BEN MOZZETTI, Appellant.

[1] GOODS SOLD AND DELIVERED—DELIVERY—FINDING—EVIDENCE.—In this action for goods sold and delivered, the trial court was justified in finding that delivery of the goods was made to the defendant.

[2] ID.—NOVATION — INSUFFICIENCY OF EVIDENCE—AGENCY.—In such action, testimony of the defense to the effect that a soliciting agent of plaintiff's assignor agreed to the substitution of a new debtor in place of the old one was insufficient to establish a novation, in the absence of a showing that the agent had any authority to so bind his principal or that, admitting such testimony to be true, the principal ever consented to or ever accepted such substitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Caubu for Appellant.

Hiram E. Casey and Joseph C.. Meyerstein for Respondent.

ST. SURE, J.—This appeal is without merit. Defendant seeks the reversal of a judgment against him for the sum of $293, with interest thereon from the time of the commencement of the action, and costs of suit.

The complaint is for goods sold and delivered by plaintiff's assignor, the Travis Glass Company, a corporation, having its place of business at Clarksburg, West Virginia, to the defendant. Said goods were of the value of $533.44 and comprise two shipments of milk bottles. The answer specifi-

2. Release of original debtor as a condition of novation by substitution of debtors, note, L. R. A. 1918B, 113; whether may be established by implication, note, Ann. Cas. 1912D, 508.

cally denies the allegations of the complaint and sets up a separate defense of novation.

The trial court found that the first shipment of goods was sold and delivered to defendant by plaintiff's assignor and that defendant agreed to pay the sum of $293 therefor; the court also found that a novation was not established.

Defendant says that the appeal is taken upon the grounds (1) that there is a total failure of any evidence showing a sale and delivery of the goods, and (2) that there was a novation.

[1] The record shows that at the commencement of the trial it was agreed by the parties, in open court, that the goods were sold to defendant at the price named in the complaint and delivered—"to somebody," as counsel for defendant naively admitted, and "the admission," he says, "covers a delivery to 'somebody' at a place formerly occupied by the defendant." We think the trial court, in view of all the facts and circumstances of the case, was justified in finding that the "somebody" to whom the delivery was made was the defendant.

[2] Upon the question of novation. Novation is the substitution of a new obligation for an existing one. (Sec. 1530, Civ. Code.) It is sought to bring this case within paragraph 2 of section 1531 of the Civil Code, which provides that novation may be made "by the substitution of a new debtor in place of the old one, with intent to release the latter." Novation is made by contract, and is subject to all the rules concerning contracts in general. (Sec. 1532, Civ. Code.) An attempt is made to show a novation by the testimony of defendant and other witnesses, which testimony is to the effect that a soliciting agent of plaintiff's assignor agreed to the substitution of a new debtor in place of the old one. There is no showing whatever that the agent had any authority to so bind his principal, nor is there any showing that, even admitting the testimony of the defense relating to novation, as true, the principal ever consented to or ever accepted such substitution.

Judgment affirmed.

Richards, J., and Tyler, P. J., concurred.